**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PWG-14-0006** |
| | * | |
| **ALIMAMY BARRIE** | * | |
| | * | |
| | ******* | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Defendant seeks a new trial, pursuant to Federal Rule of Criminal Procedure 33(a), following a September 4, 2014 jury verdict finding him guilty of wire fraud and aggravated identity theft.  Defendant argues that the Court should grant a new trial based on the allegedly improper admission of: (1) Defendant's July 6, 2013 statements to law enforcement; (2) an out-of-court photo array and witness's identification of the Defendant; (3) Defendant's prior conviction, which was admitted pursuant to Federal Rule of Evidence 404(b); and (4) a summary testimony and summary exhibit, admitted pursuant to Federal Rule of Evidence 611(a).  I find that the evidence Defendant identifies properly was admitted following my careful review of the same issues prior to and during trial, and there exists no basis to grant a new trial.  Accordingly, I deny the motion.

## I.  BACKGROUND

On September 4, 2014, Defendant Alimamy Barrie was convicted of two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A, following a seven-day jury trial.   Jury Verdict, ECF No. 99; Third Superseding Indictment, ECF No. 77.  On September 18, 2014, within the time provided by Fed. R. Crim. P. 33(b)(2), Barrie filed the pending Motion for New Trial Pursuant to Federal Rule of

Criminal Procedure 33 ("Def.'s Mot. for New Trial"), ECF No. 103.  In his motion, Barrie raises

four grounds for granting him a new trial:

> (1) Mr. Barrie's statements should not have been admitted at trial due to the
> involuntariness of those statements; (2) the admission of the overly suggestive
> photo identification and identification testimony connecting Mr. Barrie to 5711
> Landover Road denied him a fair trial; (3) the admission of Mr. Barrie's prior
> conviction pursuant to Federal Rule [of] Evidence 404(b) was extremely
> prejudicial and inconsistent with the Government's pretrial proffer about why and
> hwo the evidence would be used; and (4) the Court erred in permitted Special
> Agent Guest to testify as [a] summary witness and allowing the summary chart
> into evidence (Government Exhibit 27).

Def.'s Mot. for New Trial ¶ 2.

Barrie initially sought to suppress his statements and the results of the photo array,

respectively, in a Motion to Suppress Photo Identification and In-Court Identification ("Def.'s

Mot. to Suppress Identification"), ECF No. 11, and a Motion to Suppress Statements and

Evidence ("Def.'s Mot. to Suppress Evidence"), ECF No. 12, both of which were denied at the

motions hearing held before me on August 15, 2014 (the "Motions Hearing").  *See* Hr'g Tr.

128:14–20, 175:5–10, Gov't's Opp'n to Def.'s Mot. for New Trial ("Gov't's New Trial Opp'n")

Ex. 1, ECF No. 104-1.  At the Motions Hearing, Special Agent Christopher Guest of the United

States Secret Service and Barrie's former neighbor Laron Greenfield testified regarding

Greenfield's out-of-court identification of Barrie from a photo array.  Based on their testimony, I

found that although there was "no question" that the photo array was impermissibly suggestive,

*id.* at 119:15 – 19, Greenfield's testimony established the reliability of the identification so that

its admission would not give rise to a substantial likelihood of irreparable misidentification, and

therefore that Greenfield's identification would be admissible, *id.* at 127:20 – 128:3.

With respect to the admissibility of Barrie's statements to law enforcement officials on

June 6, 2013, the Government introduced testimony from Special Agent James Conner of the

Federal Bureau of Investigation.   Following testimony and argument, I found that Barrie properly had been advised of his *Miranda* rights, *id.* at 166:13 − 167:3, and that he knowingly and voluntarily waived these rights, after considering all of the circumstances of his June 6, 2013 interview, *id.* at 175:5–10.

The admissibility of Barrie's prior conviction under Fed. R. Evid. 404(b) first was raised in the Government's Motion *in Limine* Regarding Defendant's Previous Conviction for Conspiracy to Commit Wire and Mail Fraud ("Gov't's Mot. in Limine"), ECF No. 30.   At the Motions Hearing, I found that the Rule 404(b) issue adequately was presented in the Government's Motion in Limine, Defendant's Opposition ("Def.'s in Limine Opp'n"), ECF No. 35, and the Government's Reply ("Gov't's in Limine Reply"), ECF No. 40, and that further evidence was unnecessary.   Hr'g Tr. 21:10–18.   Relying on the multiple-prong test set forth in *United States v. Queen*, 132 F.3d 991 (4th Cir. 1997), I found that Barrie's prior conviction would be admissible because it was relevant to establish identity, was reliable, would not be offered for propensity as prohibited by Fed. R. Evid. 404(a)(i) and (b)(i), and was not unfairly prejudicial when balanced against its probative value.   Hr'g Tr. 23:16 − 30:5.   Barrie's plea agreement in his prior case thus was offered by the Government and admitted at trial.

Finally, during trial, the Government sought to call Special Agent Guest as a summary witness and to use him to lay the foundation for admission of a chart summarizing the Government's case, over Barrie's objection.   Following briefing and argument by both parties, I overruled the objections and allowed both Special Agent Guest's testimony and the admission of the summary chart as Government's Exhibit 27 pursuant to Fed. R. Evid. 611(a) and *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004).   *See* Letter Order, ECF No. 84.

The Government filed its Opposition to Defendant's Motion for New Trial ("Gov't

Opp'n"), ECF No. 132, on September 24, 2014 and the time for a reply since has passed without a submission from Barrie's counsel, *see* Loc. R. 105.2(a), 207, although Barrie filed a letter with the Court *pro se* on October 31, 2014, ECF No. 105.  The motion now is ripe and is before me. Having reviewed the filings, I find that a hearing is not necessary.  Loc. R. 105.6, 207.

## II.  LEGAL STANDARD

Pursuant to Fed. R. Crim. P. 33, a court may grant a new trial on motion by a defendant "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  Unless grounded on newly discovered evidence, a motion for new trial "must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  The decision to order a new trial is within the sound discretion of the trial court, *see United States v. Smith*, 451 F.3d 209, 216–17 (4th Cir. 2006), but "a trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it.  *Id.* (quoting *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003)); *see also United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997).

## III.  DISCUSSION

Barry does not base his Motion for New Trial on any newly discovered evidence, nor does he contend that the evidence at trial "weigh[ed] heavily" against his guilty verdict.  Instead, Barrie simply seeks reconsideration of matters that I already have considered and ruled on during the Motions Hearing and at trial.

First, Barrie contends that the Court erred in denying his motion to suppress certain statements made to law enforcement officials on June 6, 2013, Def.'s Mot. for New Trial ¶ 3, because the statement was obtained involuntarily.  "The test of voluntariness is whether the defendant's will has been 'overborne' or his 'capacity for self-determination critically impaired,'

4

*United States v. Pelton*, 835 F.2d 1067, 1071-72 (4th Cir. 1987) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973)), "to be determined from the 'totality of the circumstances.'" *Id.* (quoting *United States v. Wertz*, 625 F.2d 1128, 1134 (4th Cir. 1980). Barrie argues that his statement was provided involuntarily during a meeting with law enforcement officials because Barrie was "in cooperation mode" at that time and his meeting with officials was "couched in terms of continued cooperation for which there would be immunity protection" with respect to another criminal case pending against him in Virginia. Def.'s Mot. for New Trial ¶ 3. But this merely repeats Barrie's assertion at the Motions Hearing that he "was under the impression that his cooperation was ongoing," at the time of the interview, Hr'g Tr. 161:1 – 2, an argument that I found to be unsupported by the evidence, *id.* at 171:1 – 19.

As I found at the Motions Hearing, there was no evidence that Barrie's statement was extracted by any sort of threat of violence, "[o]r obtained by direct or implied promises, however slight, or by the exertion of any improper influence." *Id.* at 170:23 – 171:1. To the contrary, I found that Barrie expressly was advised of his rights and executed a written waiver on a "Form 395, Advice of Rights." *Id.* at 165:25 – 167:3. In short, "I [did] not find credible evidence to suggest that Mr. Barrie thought that he had to cooperate by answering questions on the interview . . . in order to obtain credit that would help him with his prior sentence." *Id.* at 172:22 – 172:1. Barrie has not produced any new evidence or arguments to the contrary, and therefore I find no basis to grant a new trial based on the admission of Barrie's statements.

Barrie next contends that the photo identification and identification testimony offered by Greenfield should not have been admitted because the photo array "was egregiously suggestive" and Greenfield did not have a sufficient basis reliably to identify Barrie. Def.'s Mot. for New

Trial ¶ 4. Barrie asserts that Mr. Greenfield's "limited interactions at night . . . with [Barrie] and being questioned 18 months after the offense—compounded by his biased views of the individuals—creates an unreliable identification," and that Greenfield "did not provide any testimony concerning his opportunity to view the suspect at the actual time of the offense. Greenfield provided a broad time frame and nothing more." *Id.*

These arguments are identical to those that Barrie made at the Motions Hearing, when I denied Barrie's Motion to Suppress Identification. I ruled on this matter at the motions hearing in light of the same evidence now before me. Although I agreed with Barrie that the identification procedure was impermissibly suggestive, Hr'g Tr. 105:25 – 106:2, Barrie incorrectly asserts that "[t]here simply was no way to cure that blatant violation short of suppression." Def.'s Mot. for New Trial ¶ 3. As I explained at the Motions Hearing, the factors listed by the Supreme Court in *Manson v. Brathwaite*, 432 U.S. 98 (1977)—and specifically Greenfield's opportunity to view Barrie, his degree of attention to the individual, and his level of certainty regarding the identification—though presenting a close case in light of the significant time between the crime and the identification and the lack of a prior identification, supported a finding that Greenfield's identification of Barrie was reliable and therefore was admissible. Hr'g Tr. 122:18 – 128:3. Again, Barrie has provided no new evidence or arguments in favor of suppressing Greenfield's identification, and therefore has failed to establish any basis for reconsidering my earlier ruling on the Motion to Suppress Identification or granting a new trial.

Barrie also argues that the admission of his conviction from the Eastern District of Virginia was improper under Federal Rule of Evidence 404(b)(i) and was prejudicial. Def. Mot. for New Trial ¶ 5. Fed. R. Evid. 404(b)(i) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

therewith," but such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  In *United States v. Queen*, the Fourth Circuit spelled out specific findings the Court should make in order to determine that evidence should be admitted under 404(b):

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

132 F.3d 991 (4th Cir. 1997).

Applying the *Queen* factors, I found that Barrie's prior conviction was relevant under Fed. R. Evid. 401 because its substantial similarity to the present case had a tendency to "to show identity or perhaps intent" and was not being offered to show Barrie's propensity, Hr'g Tr. 23:22 – 25:18, was "necessary evidence to establish identity," *id.* at 29:2–7, was reliable, *id.* at 29:8– 17, and was not unfairly prejudicial in light of its probative value, *id.* at 29:18–24.

Barrie does not appear to argue that my initial ruling on the Government's Motion in Limine was incorrect, but rather that the evidence of his prior conviction, as it was used at trial, constituted impermissible propensity evidence and served no other purpose than "to prejudice the jury against Mr. Barrie."  Def.'s Mot. for New Trial ¶ 5.  However, the time to raise this issue was at trial, when a prompt ruling and, if necessary, a curative instruction or order striking evidence of Barrie's conviction could have remedied any potential prejudice to Barrie before the Court, the parties, and the jury expended their time and effort in the trial of this case.  *See* Fed. R. Evid. 103(a).  Barrie does not claim to have made a timely objection to the admission of his prior

conviction at trial, nor does he argue that its admission was plain error.  Def.'s Mot. for New Trial ¶ 5.  Accordingly this argument does not provide a basis to grant a new trial.

Barrie's final contention is that the Government should not have been allowed to offer the summary testimony of Special Agent Christopher Guest or a chart summarizing the Government's evidence. *Id*. ¶ 6.  Barrie argues that the Government's exhibits were not voluminous, the testimony provided by the Government's witnesses was not lengthy, and that the evidence was not complex and did not necessitate a summary witness and chart.  *Id*.  However, in my Letter Order issued during trial on August 28, 2014, I found that although the summary evidence sought to be introduced was not appropriate under Fed. R. Civ. P. 1006, it nevertheless would "assist the jury in understanding . . . complex information and avoid confusion," and therefore could be admitted under Fed. R. Civ. P. 611(a), as the Fourth Circuit had recognized in *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004).  Letter Order 1, ECF No. 84.  Moreover, recognizing the risk of prejudice posed by a summary witness, I imposed a number of procedural safeguards designed to protect Barrie from unfair prejudice.  *Id.* at 1–2.  In arguing only that the Government's evidence was not complex and that a summary witness was unnecessary, Barrie is rehashing the same arguments that I rejected during trial, and has not demonstrated any basis for reconsideration or for a new trial.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion for a New Trial, ECF No. 103, is DENIED.

It is so ordered.

Dated:  <u>December 10, 2014</u>                                     <u>                /s/                </u>
                                                                        Paul W. Grimm
                                                                        United States District Judge

lq