# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## *Southern Division*

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal Case No. PWG-14-6 |
| ALIMAMY BARRIE, | * |
| Defendant. | * |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

On September 4, 2014, a jury found Alimamy Barrie guilty of two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Jury Verdict, ECF Nos. 99, 100. He was sentenced on December 16, 2014. Docket Entry, ECF No. 112; Jmt., ECF No. 114. I calculated his total adjusted offense level to be 26 and his criminal history category to be III, and I imposed a mandatory minimum sentence, sentencing him to 112 months and 1 day of imprisonment. Jmt.; Stmt. of Reasons, ECF No. 115. He appealed to the Fourth Circuit on December 30, 2014, ECF No. 116, and the Fourth Circuit affirmed this Court's Judgment on November 23, 2015, ECF No. 137.

While Barrie's appeal was pending, the United States Sentencing Commission (the "Commission") amended the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), with Amendments 791, 792, and 794 going into effect on November 1, 2015. In Barrie's view, "had these amendments been available at Sentencing the Court would have sentenced [him] to a much lower guideline range," given that "Trial Counsel made several arguments for a downward departure that [were] later incorporated into amendments 791, 792, and 794." Def.'s Mot. 1-2,

ECF No. 151. On that basis, Barrie filed the pending Motion to Reduce/Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2).[1] Because Guidelines amendments only apply on collateral review when the Commission designates them as retroactive, Barrie's motion is denied.

## Discussion

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may "reduce an otherwise final sentence" when it was based on a Guidelines provision that the Commission amended after the sentencing. *Dillon v. United States*, 560 U.S. 817, 821 (2010). But, the court only may do so if the Commission made the amendment retroactive, and "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Thus, the issue is whether the Commission made Amendments 791, 792, and 794 retroactive. U.S.S.G. § 1B1.10(d) lists amendments that have been made retroactive, and none of these amendments is included on the list. *See* U.S.S.G. § 1B1.10(d).

Barrie acknowledges this, but insists that these amendments are clarifying (as opposed to substantive) amendments and "it is well settled with Case Law and Circuit Precedent that clarifying Amendments are given effect at Sentencing, Direct Review, and before a case is final." Def.'s Mot. 2. He asserts that in *United States v. Jordan*, 438 F. App'x 180, 180–82 (4th Cir. 2011), the Fourth Circuit held that "Clarifying Amendments rather [than] substantive amendments become effective regardless of whether or not the U.S.S.[G]. deems them retroactive." *Id.*

Significantly, however, when the *Jordan* Court distinguished clarifying and substantive amendments for purposes of retroactive application, it specifically addressed "whether an

---

[1] The parties have fully briefed the motion. ECF Nos. 153, 154. A hearing is not necessary. See Loc. R. 105.6; 207.

2

amendment to the Sentencing Guidelines applies retroactively to cases *pending on direct appeal.*" 438 F. App'x at 182 (emphasis added). The court did not address retroactive application on collateral review. Indeed, the law in the Fourth Circuit is clear that "clarifying amendments apply retroactively *when the amendment takes place before sentencing, or while direct appeal is pending.*" *United States v. Smith*, 86 F. App'x 646, 647 (4th Cir. 2004) (emphasis added); *see also See United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir.1995) ("[C]ourts can give retroactive effect to a clarifying (as opposed to substantive) amendment regardless of whether it is listed in U.S.S.G. § 1B1.10. *United States v. Deigert*, 916 F.2d 916, 917–18 (4th Cir.1990) (per curiam); *United States v. Fells*, 920 F.2d 1179, 1184 (4th Cir.1990), *cert. denied*, 501 U.S. 1219 (1991). This rule applies *when a sentencing court is faced with a presentencing clarifying amendment* that postdates the particular edition of the Guidelines Manual used at sentencing. U.S.S.G. § 1B1.11(b)(2) ('[I]f a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes.'); *see Deigert*, 916 F.2d at 917–18. The rule also applies *when a reviewing court is confronted with a postsentencing clarifying amendment. See United States v. Fant*, 974 F.2d 559, 564 (4th Cir.1992); *United States v. Johnson*, 953 F.2d 110, 113 (4th Cir.1991); *Fells*, 920 F.2d at 1184." (footnote omitted) (emphasis added)). But here, the amendments were not in effect before Barrie was sentenced, and the case is no longer before the Fourth Circuit. Rather, Barrie seeks collateral review of his sentence.

Moreover, on collateral review, a clarifying amendment applies only if the Commission made it retroactive. *See United States v. Goines*, 357 F.3d 469, 480 (4th Cir. 2004) ("[A] defendant may rely on a clarifying or hybrid amendment to support a § 3582(c)(2) motion, *so*

*long as the amendment has been designated for retroactive application* and would result in application of a sentencing range lower than the range applied at the original sentencing proceeding." (emphasis added)). As noted, Amendments 791, 792 and 794 were not made retroactive. U.S.S.G. § 1B1.10(d). Consequently, none of these amendments provides a basis for reducing Barrie's sentence under § 3582(c)(2). *See Goines*, 357 F.3d at 480; *see also United States v. McNeill*, 671 F. App'x 67, 68 (4th Cir. 2016) (concluding that, because Amendment 794 does not appear in § 1B1.10(d), it "cannot be given retroactive effect in a § 3582(c)(2) proceeding" (citing *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir. 2009); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004)); *United States v. Price*, No. ELH-13-0364, 2017 WL 2797490, at *2 (D. Md. June 27, 2017) ("Although Amendment 794 applies retroactively in direct appeals, *see Quintero-Leyva*, 823 F.3d at 521, the Sentencing Commission did *not* make Amendment 794 retroactively applicable on collateral review."); *Lowery v. United States*, No. GLR-14-0248, 2017 WL 1382306, at *1 (D. Md. Apr. 18, 2017) ("The Sentencing Commission has made clear that Amendment 794 may be reviewed only on direct appeal and not on collateral review . . . ."); *Rogers v. United States*, No. DKC-16-3133, 2016 WL 7104816, at *1 (D. Md. Dec. 6, 2016) ("Amendment 794 is not retroactively applicable on collateral review. U.S.S.G. § 1B1.10 lists those Guideline amendments that have been made retroactively applicable to defendants on collateral review, and Amendment 794 is not listed."); *Herrera v. United States*, No. PJM-08-0051, 2016 WL 6476290, at *1 (D. Md. Nov. 1, 2016) ("Because the Amendment was made retroactive by the Commission (and not the Supreme Court), it applies retroactively only on direct appeal. Further, Amendment 794 is not among the listed Guideline Amendments that the Commission has made retroactively applicable to defendants on collateral review." (citations omitted)); *Fakhoury v. United States*, No. RDB-14-0178, 2016 WL 4939226,

4

at *2 (D. Md. Sept. 14, 2016) ("The Amendment was made retroactive by the Commission, not the Supreme Court, and applies retroactively only on direct appeal. U.S.S.G. § 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable." (citations omitted)). Therefore, the motion is denied. *See Dillon*, 560 U.S. at 821–22.

## **ORDER**

Accordingly, it is, this 4th day of December, 2017 hereby ORDERED that Defendant Alimamy Barrie's Motion to Reduce/Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 151, IS DENIED. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Barrie.

Paul W. Grimm
United States District Judge

lyb